## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>               Plaintiff,<br><br>   vs.<br><br>INTEL CORPORATION,<br><br>               Defendant. | Civil Action No.  6:20-cv-562-ADA<br><br>**JURY TRIAL DEMANDED** |

### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ParkerVision, Inc.'s ("ParkerVision") patent infringement claims against Defendant Intel Corporation ("Intel") have no merit, and Intel's products do not use ParkerVision's purported inventions in the patents asserted in this case, as evidenced by findings by courts in Germany that the same accused chips in this case do not infringe ParkerVision's closely related European Patent No. 1 135 853 (the "EP '853 patent"), and that the EP '853 patent is invalid.  *See* Munich Regional Court, Apr. 25, 2019, 7 O 2141/17, Final Judgment (trans.) (Ger.) at 19; Bundespatentgericht [BPatG] [Federal Patent Court], Dec. 16, 2019, 5 Ni 19/17 (EP), Decision on Costs and Determination of the Value in Dispute (trans.) (Ger.) at 10, 15.

Accordingly, and as alleged herein, Intel hereby answers ParkerVision's First Amended Complaint for Patent Infringement, D.I. 6, as follows.  To the extent any allegation by ParkerVision is not expressly admitted, it is denied.

### NATURE OF THE ACTION[1]

1.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that it has infringed any asserted patent, directly or indirectly.  Intel denies any remaining allegations in this paragraph.

---

[1] For ease of reference, Intel uses the headings used in ParkerVision's First Amended Complaint.  In so doing, Intel does not admit any of the allegations contained in those headings.

**PARTIES**

2.      Intel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3.      Intel admits that it is a corporation organized and existing under the laws of Delaware with a place of business at 2200 Mission College Boulevard, Santa Clara, California 95054.

4.      Intel admits that it has facilities at 1300 S. Mopac Expressway, Austin, Texas 78746; 6500 River Place Blvd, Bldg. 7, Austin, Texas 78730; and 5113 Southwest Parkway, Austin, Texas 78735.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

5.      Intel admits that it has a Texas registered agent located at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

6.      Intel admits that since 1989, it has been registered to do business in the State of Texas under Texas Taxpayer Number 19416727436.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

7.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that this Court has subject matter jurisdiction over ParkerVision's allegations of patent infringement.   Intel denies any remaining allegations in this paragraph.

8.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that it has recruited and employs some Texas residents.  Intel denies any remaining allegations in this paragraph.

9.      Intel denies that it has infringed any asserted patent, directly or indirectly. Moreover, this paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

10.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that it conducts business within this judicial district; that it has facilities in this judicial district; that it receives income from its operations in this judicial district; and that it employs Texas residents within this judicial district.  Intel denies that it has infringed any asserted patent, directly or indirectly.  Intel denies any remaining allegations in this paragraph.

11.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

12.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that Intel Corporation is a named party in this action and that it has a place of business in this District, specifically, 1300 S. Mopac Expressway, Austin, Texas 78746.  Intel also admits that it is registered to do business in the State of Texas.  Intel specifically denies that it has committed acts of infringement in this District or anywhere else.  Intel further denies that venue is convenient in this District and/or Division, and denies that venue will be proper or convenient in this District and/or Divisions for all matters where Intel is a named party; given the extent of Intel's operations in other states, transfer out of this District and/or Division would be appropriate in this case and would presumably be appropriate in other cases, and nothing herein should be read as a waiver of Intel's right to request transfer out of this District and/or Division in this case or future cases as may be appropriate. Except as so expressly admitted, Intel denies the remaining allegations in this paragraph.

13.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

14.     Intel admits that it has facilities in Austin and that it has employees at those facilities, but none of those employees have any material connection to this case.  The remaining statements in this paragraph are legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

15.     Intel admits that its website describes its operations in Austin as follows: "Located in the capitol city of Texas, Intel Austin is an important research and development center for the Intel technology that is changing the way we live, work, and play.  Among the innovations developed in Austin are core technologies for next-generation microprocessors, platforms and base software; groundbreaking silicon solutions for computing and communications devices, which includes handheld computing and cellular communications; and cutting-edge network storage products."  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

16.     Intel admits that the third-party website cited in paragraph 16 of the First Amended Complaint purports to list H-1B labor condition applications for "Employer Name" "Intel Corporation" at "Worksite City" "Austin, TX."  Intel lacks knowledge and information sufficient to form a belief as to the truth of the statements on the cited third-party website at this time, and therefore denies the same.  The remaining statements in this paragraph are legal conclusions to which no response is required. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

17.     Intel admits that its website lists job openings for positions in Austin, Texas. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

18.     Intel admits that it is a party to *Flash-Control, LLC v. Intel Corp.*, Case No. 1:19-cv-1107 (W.D. Tex.) and *VLSI Tech. LLC v. Intel Corp.*, Case No. 1:19-cv-977 (W.D. Tex.).  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

## **BACKGROUND**

19.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

20.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

21.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

22.     Intel denies the allegations of paragraph 22, including, without limitation, the assertion that ParkerVision allegedly "developed an innovative method of RF direct conversion by a process of sampling a RF carrier signal and transferring energy to create a down-converted baseband signal."  Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the time frame in which ParkerVision was allegedly working on this technology, and therefore denies such allegations on that basis.  Intel denies any remaining allegations in this paragraph.

23.     Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the creation of prototype chips or conduction of tests, and therefore denies such allegations on that basis.  Intel denies that ParkerVision's "technology led to improved RF receiver performance, lower power consumption, reduced size and integration

benefits" and further denies that ParkerVision's technology allowed "RF transceivers [to] be built smaller, cheaper and with greater improved performance."  Intel denies any remaining allegations in this paragraph.

24.     Intel denies that ParkerVision's technology represented "innovation[]" and further denies that ParkerVision developed technologies novel or useful in the areas of "additional RF down-conversion technologies, RF up-conversion technologies and other related direct-conversion technologies," or "complementary wireless communications technologies involving interactions, processes, and controls between the baseband processor and the transceiver."  Intel denies that ParkerVision's technology "improved" or "enhanced the operation of transceivers that incorporated ParkerVision's down-converter and up-converter technologies." Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the size of its patent portfolio, and therefore denies such allegations on that basis.  Intel denies any remaining allegations in this paragraph.

25.     Denied.

### INTEL CHIPS

26.     Intel admits that Intel and/or its affiliates have manufactured and sold RF transceiver chips and/or modems, including the Intel PMB 5750, PMB 5757 and PMB 5762 (collectively, the "RF Transceiver Chips"), outside the United States in Asia, and that those same chips may be incorporated by third parties into smartphones.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

27.     Intel admits that its RF Transceiver Chips have been incorporated by third parties into devices such as Apple iPhones.  Intel further admits that its RF Transceiver Chips offer, among other things, the ability to connect to a cellular network.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

28.     Intel admits that the PMB 5750 has been incorporated by third parties into the Apple iPhone 7 and 7 Plus.  Intel admits that the PMB 5757 has been incorporated by third parties into the Apple iPhone 8, 8 Plus, and X.  Intel admits that the PMB 5762 has been incorporated by third parties into the Apple iPhone XR, XS, and XS Max.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

29.     Intel admits that a paper titled "A Digital Multimode Polar Transmitter Supporting 40MHz LTE Carrier Aggregation in 28 nm CMOS," was published in connection with the 2017 IEEE International Solid-State Circuits Conference.  The content of that paper is reflected in the paper itself.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

30.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

31.     Intel states that Apple acquired assets related to Intel's RF Transceiver Chips in December 2019.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

## THE ASSERTED PATENTS

### United States Patent No. 6,049,706

32.     Intel admits that U.S. Patent No. 6,049,706 (the "'706 patent") is entitled "Integrated Frequency Translation and Selectivity" and was issued on April 11, 2000 but denies that it is a valid or duly and legally issued patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

33.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required to any allegations in this paragraph, Intel denies that

the '706 patent is valid and enforceable, and further denies any remaining allegations in this paragraph.

34.    Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

### United States Patent No. 7,050,508

35.    Intel admits that U.S. Patent No. 7,050,508 (the "'508 patent") is entitled "Method and System for Frequency Up-Conversion with a Variety of Transmitter Configurations" and was issued on May 23, 2006 but denies that it is a valid or duly and legally issued patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

36.    This paragraph states legal conclusions to which no response is required.  To the extent a further response is required to any allegations in this paragraph, Intel denies that the '508 patent is valid and enforceable, and further denies any remaining allegations in this paragraph.

37.    Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

### United States Patent No. 8,190,108

38.    Intel admits that U.S. Patent No. 8,190,108 (the "'108 patent") is entitled "Method and System for Frequency Up-Conversion" and was issued on May 29, 2012 but denies that it is a valid or duly and legally issued patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

39.    This paragraph states legal conclusions to which no response is required.  To the extent a further response is required to any allegations in this paragraph, Intel denies that the '108 patent is valid and enforceable, and further denies any remaining allegations in this paragraph.

40.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

## CLAIMS FOR RELIEF

### COUNT I – Alleged Infringement of United States Patent No. 6,049,706

41.     Intel repeats and incorporates its Answers to paragraphs 1 to 40 as though fully set forth herein.

42.     Intel denies each and every allegation in paragraph 42.

43.     Intel denies each and every allegation in paragraph 43.

44.     This paragraph, which merely parrots language directly from the claims and specification of the '706 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '706 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

45.     This paragraph, which merely parrots language directly from the claims and specification of the '706 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '706 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

46.     Intel denies each and every allegation in paragraph 46.

### COUNT II – Alleged Infringement of United States Patent No. 7,050,508

47.     Intel repeats and incorporates its Answers to paragraphs 1 to 46 as though fully set forth herein.

48.     Intel denies each and every allegation in paragraph 48.

49.     Intel denies each and every allegation in paragraph 49.

50.     This paragraph, which merely parrots language directly from the claims and specification of the '508 patent and makes no effort to address the actual functioning of

Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '508 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

51.     This paragraph, which merely parrots language directly from the claims and specification of the '508 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '508 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

52.     Intel denies each and every allegation in paragraph 52.

### COUNT III – Alleged Infringement of United States Patent No. 8,190,108

53.     Intel repeats and incorporates its Answers to paragraphs 1 to 52 as though fully set forth herein.

54.     Intel denies each and every allegation in paragraph 54.

55.     Intel denies each and every allegation in paragraph 55.

56.     This paragraph, which merely parrots language directly from the claims and specification of the '108 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '108 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

57.     This paragraph, which merely parrots language directly from the claims and specification of the '108 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '108 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

58.     Intel denies each and every allegation in paragraph 58.

## JURY DEMANDED

Intel demands a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Intel denies that it has infringed the asserted patents, directly or indirectly. Intel denies that ParkerVision is entitled to any of the grounds for relief enumerated in the First Amended Complaint or any other relief, and respectfully requests that the Court enter judgment against ParkerVision on ParkerVision's claims. To the extent the Prayer for Relief includes any factual allegations, Intel denies those allegations.

## AFFIRMATIVE AND OTHER DEFENSES

WHEREFORE, having answered ParkerVision's First Amended Complaint, Intel asserts the following defenses set forth below. By pleading these defenses, Intel does not concede that it has the burden of proof as to any of them.

Intel reserves the right to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

59. The First Amended Complaint, and each purported claim for relief asserted therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE: NON-INFRINGEMENT

60. Intel does not make, use, test, sell, offer for sale, or import into the United States, and has not made, used, tested, sold, offered for sale or imported into the United States, any products or methods that infringe any valid and enforceable claim of the '706, '508, and '108 patents, either directly or indirectly, literally or through the doctrine of equivalents, or otherwise.

## THIRD DEFENSE: INVALIDITY

61.     One or more claims of the '706, '508, and '108 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## FOURTH DEFENSE: UNENFORCEABILITY

62.     The '706, '508, and '108 patents and the claims therein are unenforceable against Intel.

## FIFTH DEFENSE: EQUITABLE ESTOPPEL, WAIVER, ACQUIESCENCE, UNCLEAN HANDS

63.     ParkerVision's claims for relief are barred, in whole or in part, under principles of equity, including but not limited to estoppel, waiver, acquiescence, and/or unclean hands.  For example, ParkerVision has engaged in serial litigation in which it has unsuccessfully asserted related patents against multiple parties, including against Intel's SMARTi chip products that ParkerVision has also accused of infringement in this case.  In Germany, courts have found the accused Intel chips at issue here to have not infringed the EP '853 patent, which is a closely related patent to at least the '706 patent asserted in this litigation, and also determined that the EP '853 patent would likely have been found invalid. *See* Munich Regional Court, 7 O 241/17, Final Judgement (trans.) (Ger.) at 19, Apr. 25, 2019; *see also* Bundespatentgericht [BPatG] [Federal Patent Court], 5 Ni 19/17 (EP), Decision on Costs and Determination of the Value in Dispute (Ger.) (trans.) at 10, 15, Dec. 16, 2019.  In light of ParkerVision's serial and unsuccessful patent litigation campaign, ParkerVision's claims should therefore be barred, in whole or in part, under the principles of equity, including the doctrine of unclean hands.

64.     As a further example, in 2011, MaxTak Capital Advisors, LLC, MaxTak Partners LP, and David Greenbaum sued ParkerVision for fraud, alleging that ParkerVision

"made numerous public statements omitting material facts and deliberately misrepresenting: (a) d2p's [i.e., ParkerVision's "direct-to-power" technology] effectiveness and value; (b) the interest expressed by OEMs and other manufacturers in developing and commercializing products integrating d2p technology; (c) ParkerVision's financial results; and (d) the Company's prospects for developing profitable sales of its d2p technology." *See MaxTak Capital Advisors, et al. v. ParkerVision, Inc.*, *et al*., Case No. 2:11-cv-07549, D.I. 1 ¶ 33 (D.N.J. Dec. 28, 2011). On information and belief, the ParkerVision d2p technology at issue in *MaxTak* relates to the same RF technology that ParkerVision claims to have invented in its First Amended Complaint in this case. *See, e.g.*, D.I. 6 ¶¶ 19-25 (First Amended Complaint); *see also* D.I. 1 ¶¶ 20-31 (Complaint). On information and belief, ParkerVision has likewise misrepresented its RF technology in its First Amended Complaint in this case, and ParkerVision's claims should therefore be barred, in whole or in part, under the principles of equity, including the doctrine of unclean hands.

## SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

65.    ParkerVision is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the '706, '508, and '108 patents from asserting that the claims of the aforementioned patents are infringed by Intel or Intel's products, services, including the doctrine of equivalents.

## SEVENTH DEFENSE: LIMITATION ON DAMAGES

66.    ParkerVision's claims for monetary damages are limited by the statute of limitations and/or limited to acts of infringement occurring within six years of the date of initiating this suit under 35 U.S.C. § 286.

## EIGHTH DEFENSE: FAILURE TO MARK

67.   To the extent ParkerVision, its predecessors, or licensees of any asserted patent failed to comply with the marking requirements set forth in 35 U.S.C. § 287, the relief sought by ParkerVision is barred, in whole or in part.

Dated:  July 30, 2020

Respectfully submitted,

By:   /s/ J. Stephen Ravel
  J. Stephen Ravel
  Texas State Bar No. 16584975
  KELLY HART & HALLMAN LLP
  303 Colorado Street, Suite 2000
  Austin, TX 78701
  Telephone:  (512) 495-6429
  Facsimile:  (512) 495-6401
  steve.ravel@kellyhart.com

  James E. Wren
  Texas State Bar No. 22018200
  1 Bear Place, Unit 97288
  Waco, Texas 76798
  Telephone:  (254) 710-7670
  james.wren@baylor.edu

  Michael J. Summersgill (*pro hac vice*)
  Massachusetts State Bar No. 632816
  Sarah B. Petty (*pro hac vice*)
  Massachusetts State Bar No. 666485
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
  60 State Street
  Boston, MA 02109
  Telephone:  (617) 526-6000
  Facsimile:  (617) 526-5000
  michael.summersgill@wilmerhale.com
  sarah.petty@wilmerhale.com

  Jason Choy (*pro hac vice*)
  California State Bar No. 277583
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
  350 South Grand Avenue, Suite 2100
  Los Angeles, CA 90071
  Telephone:  (213) 443-5300
  Facsimile:  (213) 443-5400
  jason.choy@wilmerhale.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(b) on July 30, 2020.


*/s/ J. Stephen Ravel*_____
J. Stephen Ravel