UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>                    Defendant. | **Civil Action No. 6:20-cv-00562-ADA**<br><br>**JURY TRIAL DEMANDED** |

SCHEDULING ORDER

In an attempt to narrow the issues in this above-captioned case (the "-562 Case") and the related action, *ParkerVision v. Intel*, 6:20-CV-00108-ADA (the "-108 Case"), the parties met and conferred, and agreed to reduce the number of patents-at-issue in the two actions and proceed with two trials, the first trial involving Intel's accused cellular products and the second trial involving Intel's accused Bluetooth and Wi-Fi chips. This present motion and proposed schedule address the parties' second trial. As indicated in the proposed schedule below, the parties' second trial would proceed in the above-captioned case against Intel's accused Wi-Fi and Bluetooth products and will include claims from the following patents: 6,580,902; 9,246,736; 9,118,528; 8,588,725; 9,444,673; and 7,539,474, and 7,050,508.  U.S. Patent Nos. 6,049,706, 6,266,518, 7,110,444, 8,109,108, and 8,660,513 are hereby dismissed with prejudice.

1

Accordingly, in view of the parties' agreement to narrow the issues in the pending two actions between them, Plaintiff ParkerVision Inc. and Defendant Intel Corporation jointly move to modify the schedule up to and including the trial of this matter as follows:

| Proposed Deadline | Event<br>108/562 Cases – Second Trial[1]<br><br>Accused Wi-Fi and Bluetooth products<br><br>(U.S. Patent No. 6,580,902; 9,246,736; 9,118,528; 8,588,725; 9,444,673; and 7,539,474, and 7,050,508[2]) |
|---|---|
| 3/24/2023 | Deadline to serve Final Infringement Contentions. After this date, leave of Court is required for any amendment to Final Infringement Contentions. |
| 4/28/2023 | Deadline to serve Final Invalidity Contentions. After this date, leave of Court is required for any amendment to Final Invalidity Contentions. |
| 6/9/2023 | Deadline for ParkerVision to select no more than 16 asserted claims |
| 6/16/2023 | Close of Fact Discovery |

---

[1] The parties have agreed and hereby stipulate to the following regarding claims and defenses at the Second Trial.  Subject to the Court's rulings on claim narrowing, ParkerVision may assert any claims that have been preserved in its Final Infringement Contentions and expert reports for the Second Trial, provided that any such claim was not invalidated at the First Trial.  For any claim that ParkerVision asserted at the First Trial, Intel may assert as part of a § 102 or § 103 invalidity argument any prior art reference disclosed in its Invalidity Contentions and expert reports for the Second Trial, that was not used as a § 102 or § 103 reference at the First Trial, and present any theory that a claim term is indefinite, not enabled, or lacks written description under § 112 unless that identical theory was presented at the First Trial with respect to that claim and the claim was not determined to be invalid in a final judgment.  For any claim that ParkerVision did not assert at the First Trial, Intel may present any invalidity theory preserved in its Final Invalidity Contentions and expert reports for the Second Trial. For the avoidance of doubt, Intel shall not be precluded from offering at the Second Trial any evidence relating to prior independent development, motivation to combine, and/or the background state of the art, even if similar, or identical evidence was presented at the First Trial.

[2] The parties have agreed and hereby stipulate that the Court's claim constructions from the -108 Case apply to the -562 Case for patents that are asserted in both cases and/or at both trials.

| | |
|---|---|
| 7/14/2023 | Opening Expert Reports |
| 8/25/2023 | Rebuttal Expert Reports |
| 9/22/2023 | Close of Expert Discovery |
| 9/29/2023 | Deadline for ParkerVision to select no more than 10 asserted claims for trial. |
| 10/20/2023 | Dispositive motion deadline and Daubert motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 1/17/2023 | Responses to dispositive motions and Daubert motions due.  (*See* Rule CV-7.D.2.) |
| 12/1/2023 | Replies in support of dispositive motions and Daubert motions due.  (*See* Rule CV-7.E.2 |
| 12/15/2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations) |
| 1/5/2024 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 1/19/2024 | Serve objections to rebuttal disclosures and File Motions in Limine.<br><br>Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| 1/26/2024 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine. |
| 1/26/2024 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| 2/9/2024 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |

| 2/12/2024 | Final Pretrial Conference |
| --- | --- |
| 3/4/2024 | Jury Selection/Trial |

SIGNED this 24th day of January, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

4